UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY GIBSON | CIVIL ACTION |
| VERSUS | NUMBER: 19-13243 |
| TANGIPAHOA PARISH SHERIFF'S OFFICE; ET AL. | SECTION: "H"(5) |

### REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of Defendants, the Tangipahoa Parish Sheriff's Office ("TPSO"), Lieutenant Finn, and Sergeant Brock. (Rec. doc. 11). Plaintiff has filed no memorandum in opposition to Defendants' motion.[1/] For the reasons that follow, it is recommended that Defendants' motion be granted and that Plaintiff's claims against both the moving and non-moving Defendants be dismissed with prejudice.[2/]

Anthony Gibson, *pro se* Plaintiff herein, is an inmate of the Federal Correctional Institute in Talladega, Alabama, where he is serving a 10-year sentence following his guilty plea to conspiracy to distribute one kilogram or more of heroin in the proceeding entitled *United States of America v. Gibson*, No. 14-CR-086 "J"(1) on the docket of this court. During the pendency of that criminal matter, Plaintiff was housed at the Tangipahoa Parish Jail ("TPJ") pursuant to a contract between the U.S. Marshal's Service and Tangipahoa Parish

---

[1/] As Plaintiff has filed no memorandum in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

[2/] Because Plaintiff is proceeding *in forma pauperis* in this matter (rec. doc. 4), the Court is empowered, indeed mandated, to screen Plaintiff's complaint and to dismiss those claims that are frivolous as lacking an arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), as well as those that fail to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).

officials.  While housed at TPJ, on November 15, 2017, a fire started by one or more of the inmates assigned to the west wing B-3 dormitory apparently caused a fair amount of damage to the facility before it could be extinguished by TPJ officials.[3/]  Following the incident, the involved inmates were placed in 4-point restraints and secured to fixtures within the dormitory day room for a period of 48 to 72 hours in light of their threats to start additional fires if their demands for better food were not met and until the affected area could be searched, cleaned, and returned to a habitable state.  Invoking 42 U.S.C. §1983 and the Federal Tort Claims Act ("FTCA"), Plaintiff now sues the TPSO, the United States of America, and eight TPJ officials, complaining of the conditions of his confinement in the immediate aftermath of the above-described incident, seeking a total of 2.5 million dollars in damages.  (Rec. doc. 3).

The three moving Defendants now seek the dismissal of Plaintiff's claims as to them, asserting a number of arguments that will be addressed in an order different from that presented in the motion.  First, the TPSO argues that it is not a legal entity that is amenable to suit and that all claims against it should be dismissed.  On that point the TPSO is clearly correct because in Louisiana "… a sheriff's office is not a legal entity capable of being sued …"  *Cozzo v. Tangipahoa Parish Counsel-President's Gov't.*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D. La. 2009); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988).  In light of these ample authorities, it will be recommended that Defendants' motion be granted and that Plaintiff's claims against the TPSO be dismissed.

---

[3/] Based upon a review of a "Jail Incident Report" that Plaintiff attached to his complaint it appears that approximately 12 inmates were involved.  (Rec. doc. 3-1, pp. 6-8).

Another argument advanced by the moving Defendants, prescription, is also case dispositive as to them and all of the other Defendants, save the United States of America. Because §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C.-Art. 3492; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). The prescriptive period begins to run from the moment a plaintiff knows or has reason to know of the injury that forms the basis of his complaint. *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987).

Of particular significance in this case is the requirement that an inmate exhaust available prison administrative remedies before bringing suit and the effect of that requirement on prescription. The applicable statute, 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)). Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient. *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exhaustion of administrative remedies is essentially a condition

3

precedent to bringing suit.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  With respect to prescription,  "[t]he pendency of a properly filed ARP grievance tolls the running of the one-year limitations period for a prisoner's claim."  *Kron v. LeBlanc*, No. 11-CV-2263, 2012 WL 456957 at *14 (E.D. La. Oct. 1, 2012), *adopted*, 2013 WL 823550 (E.D. La. Mar. 6, 2013)(citing *Madis v. Edwards*, 347 Fed.Appx. 106, 108 (5th Cir. 2009) and other cases); *see also Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001).

The TPJ has a two-step Administrative Remedy Procedure ("ARP") that must be pursued and properly completed by an inmate as a condition precedent to bringing suit. *Milton v. Edwards*, No. 16-CV-17076, 2018 WL 1251555 at *2-3 (E.D. La. Mar. 12, 2018).  The first step of the ARP is for the inmate to file a grievance within 30 days of the date of the incident(s) complained of.  *Id.*  A response to the step-one grievance is issued by designated facility staff within 10 days.  *Id.*  If dissatisfied with the step-one response, the inmate may proceed with a step-two appeal that is to be responded to by the Jail Administrator within 20 days.  *Id.*  Only if a prisoner duly proceeds through this two-step process are administrative procedures properly exhausted.  *Id.* at *3-4.

As noted earlier, the incidents complained of by Plaintiff occurred between November 15 and 17, 2017.  On October 2, 2018, approximately 10 and one-half months later, Plaintiff initiated a step-one grievance that was apparently denied soon thereafter and was pursued by him on to the second step of the ARP process.  (Rec. doc. 3-1,  p. 1).  On November 29, 2018, the TPJ Jail Administrator rejected and dismissed Plaintiff's appeal (*id.* at pp. 4-5), at which time the one-year limitation period began running again and had long

since expired when Plaintiff signed his complaint on September 6, 2019.[4/]  Accordingly, Plaintiff's §1983 claims regarding the incidents at issue are prescribed and should be dismissed as such.[5/]

With the recommended dismissal of Plaintiff's §1983 claims as prescribed, that leaves Plaintiff's purported FTCA claim against the United States of America.  In that regard, an action cannot be brought against the United States unless the claimant shall have first presented the claim to the appropriate Federal agency.  28 U.S.C. §2675(a); *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029-30 (5th Cir. 2011); *Ramirez v. United States*, No. 17-CV-1142, 2018 WL 6977340 at *2-3 (S.D. Tex. Dec. 18, 2018), *adopted*, 2019 WL 121248 (S.D. Tex. Jan. 7, 2019).  The FTCA exhaustion requirement is a prerequisite to filing suit in federal court.  *Life Partners*, 650 F.3d at 1029-30.

On the first page of his self-styled complaint, Plaintiff purports to have exhausted FTCA remedies through the grievance that he pursued through the TPJ ARP process.  (Rec. doc. 3-2, p. 1).  As the TPJ is not a Federal agency, FTCA remedies could not thereby be exhausted and it would now be too late for Plaintiff to do so.  28 U.S.C. §2401(b).  Even if that were not the case, additional reasons exist here for the dismissal of any properly-exhausted claim under the FTCA.  First, the FTCA's limited waiver of sovereign immunity does not extend to the acts of independent contractors like the TPJ.  *Woodard v. United States*, No. 17-CV-0174, 2018 WL 4517624 at *8 (E.D. Tex. Aug. 31, 2018), *adopted*, 2018 WL 4517495 (E.D. Tex. Sep. 19, 2018).  Second, decisions respecting the housing of

---

[4/] Although Plaintiff did not initiate his first-step grievance within 30 days of the incidents complained of as required by TPJ ARP rules, there is no indication that the Jail Administrator rejected the grievance on timeliness grounds.  (Rec. doc. 3-1, pp. 4-5).

[5/] Because Plaintiff's §1983 claims are prescribed, it is not necessary to address Defendants' other arguments in support of dismissal.

prisoners are foreclosed by the discretionary function exception to the FTCA's restricted grant of jurisdiction. *Id.* at *8-9 (citing *Huff v. Neal*, 555 Fed.Appx. 289, 298 (5th Cir. 2014)). For all these reasons, it will be recommended that Defendants' motion be granted and that Plaintiff's claims against all Defendants be dismissed pursuant to Rule 12(b)(6), §1915(e)(2)(B), and §1915A(b).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' motion be granted and that Plaintiff's suit be dismissed with prejudice pursuant to Rule 12(b)(6), 28 U.S.C. §1915(e)(2)(B), and 28 U.S.C. §1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[6]

New Orleans, Louisiana, this  24th  day of        January       , 2020.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

6